IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROYAL SURPLUS LINES
INSURANCE COMPANY, INC.,

                                        Plaintiff,

        v.                                                        1:05-cv-0950-WSD

MARINER HEALTHCARE, INC.,
et al.,

                                        Defendants.

## ORDER

This matter is before the Court on Defendant Lexington Insurance

Company's Motion for Remand or, in the Alternative, Abstention [7], Plaintiff

Royal Surplus Lines Insurance Company, Inc.'s Motion for Remand or, in the

Alternative, Abstention [9], Defendant Mariner Health Care, Inc.'s Motion for

Leave to File Excess Pages [16], and Defendant Mariner Health Care Inc.'s Motion

to Transfer [17].

## I.      BACKGROUND

Defendant Mariner Health Care, Inc. ("Mariner") owns and operates more

than 250 nursing home facilities across the United States.  It maintains a complex

system of liability insurance for these facilities, involving a self-insured retention and layers of additional primary and excess insurance coverage provided by various insurers including Royal Surplus Lines Insurance Company, Inc. ("Royal Surplus"), Lexington Insurance Company ("Lexington"), Steadfast Insurance Company ("Steadfast") and Northfield Insurance Company ("Northfield") (collectively, the "Insurers").

In January 2000, Mariner, and its co-debtors, filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  At the time Mariner filed its bankruptcy petition, it had at least thirty-six tort actions pending against it in various state courts (the "Tort Claims").  The Tort Claims involve allegations of personal injury to current or former residents of Mariner's nursing home facilities as a result of Mariner's alleged negligence.  Each of the Tort Claims implicates one or more of the insurance policies provided by the Insurers.

During the course of the Chapter 11 proceedings, the Bankruptcy Court established procedures for the resolution of pre-petition claims against Mariner, including the Tort Claims.  Under these procedures, pre-petition claims were submitted to alternative dispute resolution.  If a resolution could not be reached,

and the tort claimant had properly adhered to the procedures, the automatic stay was modified and the claim was returned to its court of origin for purposes of liquidation.  The Bankruptcy Court's order expressly provided that the alternative dispute resolution process did not reduce, modify, limit or otherwise prejudice or affect the rights of the Insurers, including, for example, the right to challenge insurance coverage with respect to such pre-petition claims.

In April 2002, the Bankruptcy Court approved Mariner and its co-debtors' Joint Plan of Reorganization (the "Plan").  The Plan establishes the time and manner of distribution of payments to satisfy Mariner and its co-debtors' financial obligations.  Under the Plan, unsecured claims, such as the Tort Claims, will be paid on a *pro rata* basis from one of two distribution funds.  Payment of unsecured claims is not dependent on insurance coverage for the claim.  However, where an unsecured claim is covered by insurance, certain other rules apply and the claimant's *pro rata* distribution is reduced or eliminated to the extent coverage exists.  Thus, the presence and extent of insurance coverage for unsecured claims, including the Tort Claims, will affect the amount to be distributed to unsecured tort claimants under the Plan.

Disputes have arisen among Mariner and the Insurers regarding insurance coverage for the Tort Claims.  To resolve these coverage issues, on March 4, 2005, Royal Surplus filed this action in the Superior Court of Fulton County, Georgia, naming Mariner and the other Insurers as defendants.  The action seeks a declaratory judgment regarding the insurance coverage obligations of the various Insurers with respect to the Tort Claims.  On April 8, 2005, Mariner removed the case to this Court [1].  Lexington and Royal Surplus subsequently moved to remand this action to the Fulton County Superior Court [7, 9].  Northfield and Steadfast joined in the remand motions [8, 11].  Mariner opposes the remand request [15],[1] and moves, instead, to transfer this action to the District of Delaware [17], the court in which the underlying bankruptcy proceeding is pending.  These motions are now before the Court for decision.

**II.    DISCUSSION**

The Insurers move the Court to remand this case to the Fulton County Superior Court, arguing that (1) the Court lacks subject-matter jurisdiction over the

---

[1]  Mariner moves for leave to file a response brief that exceeds the page limitation set out in the Local Rules [16].  Mariner's Motion for Leave to File Excess Pages is unopposed and, for good cause shown, is GRANTED.

claims asserted by Royal Surplus; and (2) even if it has jurisdiction, the Court

should remand the case on equitable grounds or should abstain from hearing it

under either the mandatory or discretionary abstention doctrines.  The Court shall

address each of these alleged grounds for remand.

      A.      Remand for Lack of Subject-Matter Jurisdiction

Section 1334 of Title 28 of the United States Code provides that district

courts have original jurisdiction over all civil proceedings that arise under, and all

civil proceedings which arise in or relate to, a case under the Bankruptcy Code.  28

U.S.C. § 1334(b).  This section further provides that the district court in which a

case under the Bankruptcy Code is commenced or is pending shall have exclusive

jurisdiction over "all the property, wherever located, of the debtor as of the

commencement of such case, and of property of the estate . . . ."  Id. at § 1334(e).

Section 1452 provides for the removal of such actions to federal court, stating that

a party may remove any cause of action to the district court for the district where

such civil action is pending, if such district court has jurisdiction of such cause of

action under Section 1334.  See 28 U.S.C. § 1452(a).

Mariner asserts two bases for removal jurisdiction.  First, Mariner argues that

the claims asserted by Royal Surplus "relate to" Mariner's bankruptcy proceedings

under Section 1334(b).  (Mariner's Resp. in Opp'n to Mots. for Remand at 18-25.)

Second, it argues Royal Surplus seeks a declaratory judgment with respect to the

parties' rights under insurance policies which are "property" of Mariner's

bankruptcy estate and for which, under Section 1334(e), the Bankruptcy Court has

exclusive jurisdiction.  (Id. at 25-31.)

     The threshold for "related to" jurisdiction is low.  See Miller v. Kemira, Inc.

(In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990).  In In re Lemco

Gypsum, the Eleventh Circuit joined the majority of the circuits in adopting the

formulation of the test for "related to" jurisdiction originally developed by the Third

Circuit:

> In Pacor, Inc. v. Higgins, [743 F.2d 984, 994 (3d Cir.
> 1984),] the Third Circuit enunciated a test for determining
> whether a civil proceeding is sufficiently related to
> bankruptcy to confer federal jurisdiction on the district
> court.  "The usual articulation of the test for determining
> whether a civil proceeding is related to bankruptcy is
> whether the outcome of the proceeding could
> conceivably have an effect on the estate being
> administered in bankruptcy.  The proceeding need not
> necessarily be against the debtor or against the debtor's
> property.  An action is related to bankruptcy if the
> outcome could alter the debtor's rights, liabilities,
> options, or freedom of action (either positively or
> negatively) and which in any way impacts upon the
> handling and administration of the bankrupt estate."

910 F.2d at 788.  Here, it is undisputed that the adjudication of the rights and

liabilities of the various Insurers with respect to the Tort Claims will affect the

amount of estate funds to be distributed to claimants under the Plan approved by

the Bankruptcy Court.  Accordingly, the Court finds that Royal Surplus's claims in

this case impact upon the handling and administration of Mariner's bankruptcy

estate and that these claims therefore relate to Mariner's bankruptcy proceedings.

Removal to this Court was proper and remand for lack of jurisdiction is not

warranted.[2]

------------------------

[2]  Because the Court finds removal jurisdiction exists under the "related to"
provision of Section 1334(b), it is not necessary for the Court to address whether it
also has original jurisdiction because the insurance policies at issue here are
property of Mariner's bankruptcy estate under Section 1334(e).  To the extent
Mariner argues that the "exclusive" jurisdiction conferred by Section 1334(e)
prohibits the Court from remanding this action, this argument is without merit.  The
Court agrees with the holding in *In re* United States Brass Corp., 110 F.3d 1261
(7th Cir. 1997), that litigation concerning the scope of an insurance policy is not the
equivalent of an *in rem* proceeding against property under Section 1334(e).  See id.
at 1268 (holding that remand of insurance coverage dispute was appropriate
notwithstanding district courts' exclusive jurisdiction over property of the
bankruptcy estate under Section 1334(e):  "The issue in these cases is the scope of
the insurance policies, an issue of contractual interpretation, not their ownership.").
In addition, even if Section 1334(e) applies here, remand still is required because
this Court is not the district court where Mariner's bankruptcy case is pending, and
therefore does not possess exclusive jurisdiction under Section 1334(e).  See id. at
1267-68 (holding that removal was improper, and remand was therefore required,

B.    Equitable Remand

Section 1452 provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).  Thus, even if a case is properly removed and the district court has jurisdiction, the case may be remanded if, in its discretion, the court determines that such remand is appropriate.  See id.  An order remanding a claim or cause of action on equitable grounds under Section 1452 is not reviewable by appeal or

_____

where the district court to which case was removed was not the district court in which the bankruptcy proceeding was pending:  "[T]he remands merely put the cases back where they should have been all the while, and [the removing party] must ask the [state court] to dismiss them on the basis of [the "home" bankruptcy court's exclusive jurisdiction under Section 1334(e)], not us.").  Finally, even if litigation concerning the scope of coverage of a debtor's insurance policies generally is considered an action involving property of the estate under Section 1334(e), this provision does not apply here, since the property at issue has been returned to Mariner following the Bankruptcy Court's confirmation of the Plan. See Carter v. Peoples Bank & Trust Co. (In re BNW, Inc.), 201 B.R. 838, 848-49 (Bankr. S.D. Ala. 1996) (holding that Section 1334(e) did not confer exclusive jurisdiction on "home" bankruptcy court because the property in question was restored to debtor upon confirmation of its reorganization plan and therefore was no longer "property of the bankrupt estate" under Section 1334(e):  "[U]pon confirmation, all property of the estate vests in the Debtor (the reorganized one) 'except as otherwise provided in the plan or the order confirming the plan.'  This vesting means the property is no longer 'property of the estate' which is subject to bankruptcy jurisdiction. . . . . The property (and new entity) no longer enjoy the benefits or detriments of the Bankruptcy Code.") (internal citations omitted).

-8-

otherwise by the court of appeals.  Id. ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . ."); Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 269 (3d Cir. 2002) (holding that, pursuant to the plain language of Section 1452(b), remands based on equitable grounds are not subject to appellate review).

Courts have identified the following factors as relevant in determining whether equitable remand is appropriate: (1) duplication of judicial resources; (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated.  See Allen County Bank & Trust Co. v. Valvmatic Int'l Corp., 51 B.R. 578, 582 (D. Ind. 1985); see also Shop & Go, Inc. v. D.K. Patterson Constr. Co., Inc. (In re Shop & Go, Inc.), 124 B.R. 915, 919 (Bankr. M.D. Fla. 1991) ("In deciding whether to remand an action under 28

U.S.C. § 1452(b), the court weighs many considerations, including judicial economy, comity and respect for state court capabilities, the effect on the administration of the estate, the effect of bifurcating claims and parties, and the prejudice to other parties involved."); <u>AG Indus., Inc. v. AK Steel Corp. (<i>In re</i> AG Indus., Inc.)</u>, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (same).

  Here, the balance of factors cited by the district court in <u>Allen County</u> and other courts overwhelmingly supports equitable remand.  The claims asserted by Royal Surplus, and the various counterclaims and cross-claims raised by Mariner and the other Insurers, involve questions of Georgia law better addressed by a Georgia state court.  Principles of comity and judicial economy, as well as the interests of the estate in having a prompt and just resolution of these coverage issues, are best served by a Georgia state-court determination of the parties' rights and liabilities under the insurance policies in question, rather than the Delaware Bankruptcy Court's adjudication of these Georgia state-law issues.  In addition, remand preserves the forum chosen by Royal Surplus and expressly sought by all of the Defendants except Mariner.  For these reasons, the Court concludes that this

case, although properly removed, should be remanded to the Fulton County Superior Court on the equitable grounds cited above.[3]

C.      Mandatory & Equitable Abstention

The Court also concludes that remand is appropriate under the doctrines of mandatory and equitable abstention.  Mandatory abstention is governed by Section 1334(c)(2), which provides that a district court shall abstain from hearing a state-court cause of action where (i) the action is related to a bankruptcy proceeding, but does not arise under the Bankruptcy Code or arise in a bankruptcy proceeding, (ii) the action could not have been commenced in a federal court absent jurisdiction under Section 1334 (*i.e.*, there is no independent source of federal jurisdiction, such as diversity jurisdiction), and (iii) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.  28 U.S.C. § 1334(c)(2).[4]

---

[3]  The Court's decision to remand this case to the Fulton County Superior Court dictates that Mariner's motion to transfer this case to the District of Delaware be DENIED AS MOOT.

[4]  This mandatory abstention applies to removed actions as well as actions originally filed in federal court.  See Christo v. Padgett, 223 F.3d 1324, 1331 (11th Cir. 2000) (joining "the vast majority of courts" in concluding that Section 1334(c)(2) applies to state law claims that have been removed to federal court under Section 1452(a):  "In our view, this . . . interpretation better comports with

The requirements for mandatory abstention are satisfied here:  this case is related to Mariner's bankruptcy proceeding, but does not arise under the Bankruptcy Code or arise in Mariner's bankruptcy proceeding, it is undisputed that the case could not have been commenced in federal court absent jurisdiction under Section 1334, and the case was commenced in, and upon remand may timely be adjudicated in, a state forum of appropriate jurisdiction.

Equitable abstention also is warranted.  Section 1334(c)(1) states that a district court may, in the interest of justice, or in the interest of comity with state courts or respect for state law, abstain from hearing an action arising under the Bankruptcy Code or arising in or related to a bankruptcy proceeding.  28 U.S.C. § 1334(c)(1).  The factors to be considered by a district court in determining whether to abstain under Section 1334(c)(1) are the same as those considered by courts in evaluating equitable remand.  See Allen County, 51 B.R. at 582 ("All of the facts listed support a decision to remand pursuant to § 1452(b) or decision to permissively abstain from adjudicating this action pursuant to § 1334(c)(1).").  For

_____

the plain language of § 1334(c)(2) as well as Congress's intent that mandatory abstention strike a balance between the competing interests of bankruptcy and state courts.").

the reasons discussed above in Section II(B) with respect to equitable remand, the

principles of comity and respect for state law, as well as the interests of the

bankruptcy estate, support the exercise of equitable abstention here.[5]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Mariner's Motion for Leave to File

Excess Pages [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Lexington's Motion for Remand or, in

the Alternative, Abstention [7], and Royal Surplus's Motion for Remand or, in the

Alternative, Abstention [9] are **GRANTED**.  The Clerk of Court is **DIRECTED**

to **REMAND** this case to the Superior Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that Mariner's Motion to Transfer [17] is

**DENIED AS MOOT**.

---

[5]  As with equitable remand, a district court's decision to abstain under either
mandatory or equitable abstention is not reviewable by appeal.  See 28 U.S.C. §
1334(d) ("Any decision to abstain or not to abstain made under subsection (c)
(other than a decision not to abstain in a proceeding described in subsection (c)(2))
is not reviewable by appeal or otherwise by the court of appeals . . . .); see also
Allied Signal, 298 F.3d at 269 (holding that a remand based on equitable abstention
falls under the "any equitable ground" provision of Section 1452(b), and therefore
that appellate review is barred by Section 1452(b)).

**SO ORDERED**, this 4th day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE